JUSTIN MATTHEW WILBER,

        Plaintiff,

        v.                                    Case No. 26-cv-0802-bhl

DEPARTMENT OF CORRECTIONS,
SHAWANO COUNTY JAIL,
HUNTER LUDVIGSEN, and
ASHLEY CAELWAERTS,

        Defendants.

## SCREENING ORDER

Plaintiff Justin Matthew Wilber, who is currently incarcerated at the Shawano County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Wilber's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Wilber has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Wilber has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $8.00. Wilber's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Wilber first asserts that, on January 11, 2024, the Shawano County Drug Court "filed for termination under false allegations." He states that he was given a 90-day sanction for failing his alternative to revocation (ATR). At the end of the 90 days, he was informed that the allegations had been dismissed but he would still be on the "ATR of drug court." Wilber does not explain what that means.

Wilber next asserts that, on April 1, 2022, he was given an ATR at the Marshall House through Attic Corrections in Green Bay, Wisconsin. He states that he was sexually assaulted and given drugs by staff member Olivia Alexander, who is not a Defendant.

Finally, Wilber states that, on March 4 and March 26, 2026, he reported having information about a missing person. He states that he filed a grievance because no one talked to him about his information. Nothing was ever done.

## THE COURT'S ANALYSIS

The complaint does not comply with Fed. R. Civ. P. 8, 18, and 20 and must therefore be dismissed. First, while multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). Here, Wilber brings three unrelated claims. The first allegedly occurred in 2022 while he was staying at a halfway house or treatment facility. The second occurred in 2024 and involves a sanction he received from drug court. And the third occurred in 2026 and involves his desire to provide information about a missing person. These claims involve different people, different events, and arose years apart. Accordingly, under Rules 18 and 20, Wilber cannot pursue these claims in the same case.

The complaint also fails to satisfy Rule 8 because it does not provide notice to the Defendants of what Wilber believes each person did or did not do to violate his rights. Wilber names four Defendants in the caption of his complaint: the Department of Corrections, the Shawano County Jail, Hunter Lidvigsen, and Ashley Caelwaerts. The Department of Corrections and the jail are not proper Defendants because neither is a "person" subject to suit under §1983. *See Whiting v. Marathon Cnty. Sherriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004); *Lapides v. Board of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 616 (2002). And the complaint contains no allegations stating what Lidvigsen and Caelwaerts allegedly did or did not do to violate Wilber's rights. Indeed, the only person mentioned in the body of the complaint is not named as a Defendant in the caption of the complaint. Wilber's complaint therefore fails to state a claim on which relief can be granted.

If Wilber wants to proceed with this lawsuit, he will need to file an amended complaint by **July 6, 2026** that cures the deficiencies identified in this decision. Wilber should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who was involved; (4) how he was impacted; and (5) what relief he wants the Court

3

to provide.  Wilber should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.  Moreover, Wilber must include only related claims in his amended complaint, meaning he should choose one of the three unrelated claims he includes in his original complaint.

Wilber is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).  If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A.  If an amended complaint is not received, the Court will dismiss this case based on Wilber's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Wilber's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **July 6, 2026**, Wilber may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Wilber a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.  Wilber must use the Court's form.  *See* Civil L. R. 9(b).  If he needs more space than the form provides, he may attach up to five additional pages.

**IT IS FURTHER ORDERED** that the agency having custody of Wilber shall collect from his institution trust account the $342.00 balance of the filing fee by collecting monthly payments from Wilber's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.  If Wilber is transferred to another institution, the transferring institution shall forward a copy of this Order along with Wilber's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Wilber is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

4

scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Wilber is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 5th day of June, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge