---

JUSTIN MATTHEW WILBER,

      Plaintiff,

v.                                                                    Case No. 26-cv-0802-bhl

DEPARTMENT OF CORRECTIONS et al.,

      Defendants.

---

**DECISION AND ORDER**

---

      Plaintiff Justin Matthew Wilber, who is incarcerated at the Shawano County Jail, is representing himself in this 42 U.S.C. §1983 case. On July 9, 2026, the Court screened the amended complaint and dismissed the case because the claims are barred by the three-year statute of limitations. About a week later, on July 20, 2026, Wilber filed a notice of appeal along with a motion to modify the filing fee payment plan, a motion for leave to file an amended complaint, and a motion to appoint counsel. For the reasons explained below, the Court will deny the motions.

      As to his motion to modify the filing fee payment plan, the Court notes that, under 28 U.S.C. §1915(b)(1), prisoners are required to pay the full amount of the $350 statutory filing fee. Section 1915(b)(2) requires a prisoner "to make monthly payments of 20 percent of the preceding month's income credited to [his] account." The obligation to pay the filing fee via deductions from the prisoner's trust account is statutory, and therefore the Court has no discretion or authority to alter the payment process. Unless and until Congress changes the statute, Wilber must make payments via deductions from his trust account. Per the statute, if Wilber has no income in a given month, no deductions can or will be made.

      The Court will also deny Wilber's motion for leave to file an amended complaint. This case is closed, so there is no operative complaint to amend. After a final judgment, a plaintiff may amend his complaint only after successfully moving to vacate or set aside the judgment under Fed. R. Civ. P. 59(e) or 60(b). *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Dubicz v.*

*Commonwealth Edison Co.*, 377 F.3d 787, 790 (7th Cir. 2004). Wilber has made no attempt to do so, and the Court knows of no reason justifying relief from judgment.

Finally, the Court will deny Wilber's motion to appoint counsel because this case is closed. If Wilber would like counsel to represent him on appeal, he must raise his request in the appellate court, not this Court.

**IT IS THEREFORE ORDERED** that Wilber's motion to modify the filing fee payment plan (Dkt. No. 16), his motion for leave to file an amended complaint (Dkt. No. 17), and his motion to appoint counsel (Dkt. No. 18) are **DENIED**.

Dated at Milwaukee, Wisconsin on July 23, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge